IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GANITA SHELNUTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-00855-K |
| | § | |
| JOHNSON & JOHNSON, JOHNSON & | § | |
| JOHNSON SERVICES, INC., MEDICAL | § | |
| DEVICE BUSINESS SERVICES, INC., | § | |
| and DEPUY SYNTHES SALES, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ganita Shelnutt's Motion for Reconsideration and to Vacate the Court's Scheduling Order (Doc. No. 12), Emergency Motion for Case Management Conference (Doc. No. 13), and Amended Motion for Reconsideration and to Vacate the Court's Scheduling Order (the "Amended Motion") (Doc. No. 15) (collectively, the "Motions"). Defendants Medical Device Business Services, Inc., f/k/a DePuy Orthopaedics, Inc. and DePuy Synthes Sales, Inc. (together, the "DePuy Defendants") filed a response in opposition to Plaintiff's Motions (the "Response") (Doc. No. 16) to which Plaintiff filed a reply (the "Reply") (Doc. No. 18). Pursuant to the Order Appointing Special Master (MDL 2244 Doc. No. 81), a telephonic hearing was conducted on December 9, 2022. *See generally* Doc. No. 28.

ORDER – PAGE 1

The Court has carefully considered Plaintiff's Motions, the Response, the Reply, the supporting appendices, the applicable law, and the relevant portions of the record. The Court finds justice requires Plaintiff be granted relief from the Court's order denying his motion to remand.  Thus, the Court, in its discretion, **GRANTS in part** the Amended Motion and hereby reconsiders its order.  Because Defendants Johnson & Johnson and Johnson & Johnson Services, Inc. (together, the "J&J Defendants") are "properly joined and served" forum defendants, the Court finds that removal was improper pursuant to 28 U.S.C. § 1441(b)(2).  The Court **VACATES** its Order denying remand (Doc. No. 21) and **GRANTS** Plaintiff's Motion to Remand (Doc. No. 14). Accordingly, the Court **REMANDS** this case to the Superior Court of New Jersey, Middlesex County (Case No. MID-L-006828-21).  All other of Plaintiff's Motions and requested relief is hereby **DENIED as moot**.

## I.     Factual and Procedural Background

In her Complaint filed in New Jersey state court on or about November 30, 2021, Plaintiff alleges state law claims against the DePuy and J&J Defendants.  *See* Doc. No. 1; *see generally* Doc. No. 1-1.  As to the J&J Defendants specifically, Plaintiff alleges she was implanted with a hip replacement device designed and manufactured by the J&J Defendants, she suffered substantial injuries and damages due to the defects and unreasonable danger from the device, and her injuries were proximately caused by

ORDER – PAGE 2

the J&J Defendants. *See, e.g.,* Doc. No. 1-1 at 4-6. On December 30, 2021, the DePuy Defendants removed the case to federal court on the basis of diversity jurisdiction. Doc. No. 1 at 3. The DePuy Defendants allege the parties' citizenship is completely diverse as Plaintiff is a citizen of Texas, the DePuy Defendants are citizens of Indiana and Massachusetts, and the J&J Defendants are citizens of New Jersey. *Id.* at 3-4. The DePuy Defendants acknowledge that the J&J Defendants are citizens of the state in which the action was filed, which would "ordinarily" make removal improper under § 1441(b). *Id.* at 4. However, the DePuy Defendants argue the J&J Defendants are not properly joined under the fraudulent joinder doctrine and their citizenship "should be ignored" for purposes of the forum defendant rule. *Id.* at 4-5.

Plaintiff timely filed her Cross Motion for Remand (the "Motion for Remand") (Doc. No. 5) on January 13, 2021, arguing, in part, the J&J Defendants are properly joined forum defendants to this action, therefore removal was improper pursuant to the forum defendant rule. *See, e.g.,* Doc. No. 5 at 6-9. The DePuy and J&J Defendants filed a response in opposition to the Motion for Remand on February 15, 2022. *See* Doc. No. 7. On April 15, 2022, the case was transferred from the United States District Court of New Jersey to this Court pursuant to the transfer order of the Judicial Panel on Multidistrict Litigation which established MDL 2244. *See* Doc. Nos. 8 & 9. On November 18, 2022, the Court issued its Order denying Plaintiff's Motion for Remand

ORDER – PAGE 3

(Doc. No. 10), and on November 19, 2022, the Court entered its Scheduling Order (Doc. No. 11).

Plaintiff subsequently filed the Motions now before the Court. *See* Doc. Nos. 12, 13 & 15. Plaintiff makes several arguments for reconsideration, including that this Court should reconsider its denial and adopt the reasoning set forth in a recent opinion from a New Jersey federal district court (the same court from which this case was transferred) which granted motions for remand in thirty-three similarly situated would-be member cases of this MDL. *See generally* Doc. No. 15. The DePuy Defendants filed their Response in Opposition to Plaintiff's motions on December 2, 2022, in which they contend Plaintiff has not satisfied the reconsideration standard for this Court to revise its prior order. *See* Doc. No. 16 at 2-3. On December 7, 2022, Plaintiff filed a Reply in further support of her Motions. *See generally* Doc. No. 18.

## II.    Applicable Law

### A.    Rule 54(b) Standard

A court may revise an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b). FED. R. CIV. P. 54(b) ("[A]ny order or other decision . . . adjudicate[ing] fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see Austin v. Kroger Tex., L.P.*,

864 F.3d 326, 336 (5th Cir. 2017) ("Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'").  An order denying a motion to remand is an interlocutory order.  *See Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009) (citing *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989) ("A district court's denial of a motion to remand is not a final order, and it therefore is not reviewable on appeal.")).  "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Austin*, 864 F.3d at 336 (internal quotations and citation omitted). Rule 54(b) provides for a flexible approach which "reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."  *Austin*, 864 F.3d at 336 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (internal quotations omitted)); *see also Dallas Cty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) (O'Connor, J.), *aff'd sub nom. Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015) (on a motion to reconsider, the court must decide "whether reconsideration is necessary under the circumstances.").  The decision whether to grant a motion for reconsideration rests within the broad discretion

of the court. *See Austin*, 864 F.3d at 329 & 337; *see also Dos Santos v. Bell Helicopter Textron, Inc.* Dist., 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.).

### B.   Forum Defendant Rule and Fraudulent Joinder Doctrine

Section 1441(a), the federal removal statute, allows the removal of any case brought in state court in which a federal court has original jurisdiction. 28 U.S.C. § 1441(a). In addition to actions involving a federal question, federal courts have original jurisdiction over civil actions between citizens of different States with an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). "In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule." *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Section 1441(b)(2) provides that a case removable solely on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2); *see id.*

Although the Fifth Circuit no longer refers to this doctrine as "fraudulent joinder", the parties use this term in their briefing and, as this case originated in another district, this Court will likewise use this term here to be consistent. A defendant is fraudulently joined if the removing defendant shows "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040,

1045 (5th Cir. 2021) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).  The DePuy Defendants allege only the latter in this case.  Under the second theory of fraudulent joinder, the court considers "whether . . . there is no possibility of recovery by the plaintiff against an in-state defendant" or, stated differently, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *accord Ticer*, 20 F.4th at 1046.  The court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Ticer*, 20 F.4th at 1046 (quoting *Smallwood*, 385 F.3d at 573); *see also Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Int'l Energy*, 818 F.3d at 200) (cleaned up) ("To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face."). In a small number of cases, the court may "in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. "However, a summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recover against the in-state defendant.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573-74).

ORDER – PAGE 7

"The 'focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.'" *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573); *cf. Int'l Energy*, 818 F.3d at 206 ("In concluding that a plaintiff has not stated a claim against a nondiverse defendant under a Rule 12(b)(6)-type analysis in this context, the federal court decides only that it has jurisdiction over the plaintiff's claims against the diverse defendants—not that the plaintiff does not have a claim at all against the nondiverse defendant."). The removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574; *see Ticer*, 20 F.4th at 1045 (party seeking removal must establish the court's diversity jurisdiction and that removal was proper). The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." *Id.*

## III.   Analysis

### A.   Reconsideration of Court's Prior Order

In her Amended Motion, Plaintiff moves the Court to reconsider its prior order denying his Motion to Remand, based on various considerations, and to remand this case. The DePuy Defendants oppose the requested relief, arguing Plaintiff does not "satisfy the reconsideration standard." The Court has carefully considered the parties'

arguments on reconsideration and the applicable law.  The Court may, *sua sponte* or on a party's motion, revise an interlocutory order at any time before entering final judgment.  FED. R. CIV. P. 54(b); *see Millar v. Houghton*, 115 F.3d 348, 350-51 (5th Cir. 1997) (reaffirming "the court may reconsider and reverse any time before entering final judgment" an interlocutory order); *Baig v. McDonald*, 749 F. App'x 238, 241 (5th Cir. 2018) (holding district court did not abuse its discretion in reconsidering *sua sponte* its prior ruling denying summary judgment motion).  The Court concludes, in its discretion, that justice requires reconsideration of its order denying Plaintiff's Motion for Remand.  *See Austin*, 864 F.3d at 336 (the flexible approach of Rule 54(b) "reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."); *id.* ("Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.") (internal quotations and citation omitted).  Therefore, the Court **GRANTS in part** Plaintiff's Amended Motion as to reconsideration of the order.  The Court will reconsider whether removal was improper thereby requiring remand.

###    B.    Forum Defendant Rule and Fraudulent Joinder

"[T]he forum-defendant rule is a procedural rule and not a jurisdictional one." *Tex. Brine Co.*, 955 F.3d at 485.  A procedural defect in the removal can be waived if

the plaintiff fails to timely move for remand on that basis. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393-96 (5th Cir. 2009). In this case, Plaintiff timely moved for remand on the basis that the DePuy Defendants' improperly removed this action pursuant to the forum defendant rule. *See* Doc. No. 5. Thus, Plaintiff did not waive procedural defect in the removal procedure as a basis for remand.

The DePuy Defendants argue that the fraudulent joinder doctrine applies in determining the propriety of this removal. Specifically, the DePuy Defendants argue that the J&J Defendants are not properly joined under the fraudulent joinder doctrine so their citizenship "should be ignored" for purposes of the forum defendant rule which would otherwise prohibit this removal. Doc. No. 1 at 4-5. In their Response to the Motion for Remand, the DePuy Defendants argue "the only *jurisdictional* question before the Court is whether the J&J defendants are fraudulently joined." Doc. No. 7 at 17 (emphasis added). Because Plaintiff cannot state a plausible claim for relief against the J&J Defendants, the DePuy Defendants argue J&J's citizenship "has no bearing on the exercise of federal subject matter jurisdiction" and the case was, therefore, properly removed. *Id.* at 18.

To re-iterate, the question before the Court on this removal is not a jurisdictional one. *Tex. Brine Co.*, 955 F.3d at 485. The DePuy Defendants allege in their Notice of Removal that the parties' citizenship is completely diverse, including that of Plaintiff

and the J&J Defendants. Doc. No. 1 at 4. Therefore, this Court can exercise subject matter jurisdiction over this matter. The issue before the Court is whether the DePuy Defendants' removal was improper under the forum defendant rule; in other words, whether the removal was procedurally defective. District courts in Texas have frequently remarked that it is unclear whether the fraudulent joinder doctrine extends to removal involving a *diverse* forum defendant. *See, e.g., WF/TX Invs., LLC v. Seneca Ins. Co., Inc.*, Civ. Action No. 4:19-Cv-0751, 2020 WL 1812672, at *3 (E.D. Tex. Apr. 9, 2020); *DeLong v. car2go NA, LLC*, 2019 WL 3423442, at *2 n. 2 (W.D. Tex. July 30, 2019); *Butler v. ENSCO Intercontinental GmbH*, Civ. Action No. H-16-578, 2017 WL 496073, at *6-7 (S.D. Tex. Feb. 7, 2017); *OAM Corp. v. Owners Ins. Co.*, Civ. Action No. 3:13-CV-3872, 2013 WL 12128782, at *2 (N.D. Tex. Dec. 5, 2013) (Godbey, J.); *but see Molina v. Am. Access Cas. Co.*, SA-21-CV-00363-XR, 2021 WL 3639790, at *3-4 (W.D. Tex. Aug. 17, 2021). Indeed, one court recently emphasized that "[n]o Circuit, let alone the Fifth Circuit, has conclusively held that the fraudulent joinder doctrine extends to [diverse] forum defendants." *WF/TX Invs.*, 2020 WL 1812672, at *3; *see also Morris v. Nuzzo*, 718 F.3d 660, 666-71 (7th Cir. 2013) (recognizing no other circuit court has answered "whether fraudulent joinder creates an exception to the forum defendant rule" and holding that the court "is reluctant to expand the fraudulent joinder doctrine" as doing so "would be in tension with long-

established precedent that the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts.").

It is well established that "[t]he federal removal statute, 28 U.S.C. § 1441[], is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). The DePuy Defendants state in their Response, "Under the fraudulent-joinder doctrine, 'if the plaintiff improperly joins a *non-diverse* defendant, then the court may disregard the citizenship of that defendant' for the purposes of *diversity jurisdiction*." Doc. No. 15 at 8 (emphasis added); *see id.* at 8-9 (numerous references to fraudulent joinder in the context of non-diverse defendants). But these parties are diverse, as the DePuy Defendants repeatedly assert, and the Court's subject matter jurisdiction is not in question. The DePuy Defendants fail to demonstrate that the fraudulent joinder doctrine applies here where the forum defendant rule is implicated.

Accordingly, the Court declines the opportunity to explicitly extend the fraudulent joinder doctrine to the forum defendant rule where the parties are diverse. *See Texas Brine*, 955 F.3d at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state

ORDER – PAGE 12

court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.")); *see also Morris*, 718 F.3d at 670-71 ("Ultimately, we think it a very close question whether the fraudulent joinder doctrine ought to extend to diverse resident defendant, and we are reluctant to rule definitively on the issue today absent a more thorough and more able presentation of the relevant balance of interests[.]").  The Court disagrees with the DePuy Defendants that the Court may disregard J&J's citizenship as diverse forum defendants in determining whether removal was proper under § 1441(b)(2).  Therefore, removal by the DePuy Defendants was improper as the J&J Defendants are citizens of the state where the action was filed and had been served at the time of removal.  § 1441(b)(2); *but cf. Texas Brine*, 955 F.3d at 487 (affirming plain language of § 1441(b)(2), the forum defendant rule, permits the exception of "snap removal" where the forum defendant has not yet been "properly joined and served" in state court).  For that reason, the Court finds the DePuy Defendants' removal was procedurally defective and Plaintiff's Motion for Remand must be granted.

Even if the Court were to consider the fraudulent joinder argument, remand would nevertheless be required because the DePuy Defendants did not meet their heavy burden of establishing the J&J Defendants were fraudulently joined.   In addressing fraudulent joinder, the Court considers "whether . . . there is no possibility

ORDER – PAGE 13

of recovery by the plaintiff against an in-state defendant" or, stated differently, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.  The Court's focus is on whether the "plaintiff has a reasonable basis of recovery under state law", and not "the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

Plaintiff alleges multiple causes of action against the J&J Defendants, including violations of the New Jersey Product Liability Act ("NJPLA") and breach of express warranty.   The DePuy Defendants, in their Notice of Removal, allege the J&J Defendants were fraudulently joined because there is no reasonable basis for Plaintiff's state law claims.  *See, e.g.,* Doc. No. 1 at 7-12.  In making this assertion, the DePuy Defendants argue Plaintiff's claims are governed by the laws of Texas, not New Jersey as Plaintiff asserts in her state court pleading.  *See* Doc. No. 1 at 6-7.  In the Fifth Circuit, "when different state laws may apply, federal courts exercising diversity jurisdiction apply the choice-of-law rules of the forum state." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003). But, "[a] choice-of-law analysis is unnecessary, however, if the laws of the states with an interest in the dispute do not conflict." *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 687 (5th Cir. 2019) (citing *Mumblow v. Monroe Broad, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005)); *see also Ripoll v. RBC Cap. Mkts., LLC*, 2020 WL 5819851, at *6 (S.D. Tex. Sept. 30, 2020)

(declining to conduct choice-of-law analysis in determining a motion to remand where laws of Minnesota and Texas do not conflict on issues relevant to deciding motion).  "Under such circumstances, the substantive law of the forum applies." *Aggreko*, 942 F.3d at 687.  Here, the DePuy Defendants concede in their Response to the Motion for Remand that "it makes no difference for purposes of plaintiff's motion [for remand] whether New Jersey or Texas law applies . . . . [because] both require that each of the J&J defendants be a seller or manufacturer for liability to attach under plaintiff's causes of action."  Doc. No. 7 at 19.  Accordingly, the Court applies the law of the forum, New Jersey, for purposes of the fraudulent joinder analysis.  *See Aggreko*, 942 F.3d at 687.

Under the NJPLA, a cause of action is viable against a manufacturer or seller of a product which causes harm because it deviated from design specifications, performance standards, failed to contain adequate warning, or was designed in a defective manner.  N.J.S.A. §2A:58C-2.  The DePuy Defendants contend there is no reasonable basis supporting Plaintiff's claims under the NJPLA because the J&J Defendants did not manufacture or sell the hip implant device, and they submit the declaration of Douglas Chia in support of this point.  *See, e.g.,* Doc. No. 7 at 10-11.  Plaintiff's Complaint sufficiently contradicts this point.  Specifically, Plaintiff pleads "Johnson & Johnson, directly and/or through the actions of its subsidiaries, has at all

pertinent times been responsible for the research, development, testing, manufacture, production, marketing, promotion, distribution and/or sale of the product at issue[.]" Doc. 1-1 at 3; *see also id.* at 4-6, 7-8, 11, 16-18, & 29.  Plaintiff also alleges, "At the time that J&J . . . manufactured . . . [and] . . . sold . . . the Pinnacle hip system implanted in Plaintiff, the Pinnacle contained defects that made it unreasonably dangerous beyond the expectations of the ordinary consumer, and was unfit for its intended use. The Pinnacle reached Plaintiff without substantial change in the condition in which it was sold." *Id.* at 20 & 24.  The Court finds that the Complaint sufficiently pleads a cause of action under New Jersey state law.  *See Hicks*, 12 F.4th at 515 (quoting *Int'l Energy*, 818 F.3d at 200) (cleaned up) ("To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face."); *Smallwood*, 385 F.3d at 573.  Because a single viable cause of action defeats fraudulent joinder, the Court goes no further.  *See Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").

The Court is unmoved by the DePuy Defendants' argument that Mr. Chia's declaration forecloses Plaintiff's properly pled allegations in his Complaint.  The DePuy

ORDER – PAGE 16

Defendants submit Mr. Chia's declaration as evidence that "conclusively establishes that the J&J Defendants are fraudulently joined."   This declaration is summary judgment-type evidence that clearly goes to a disputed fact, which the Court must resolve in Plaintiff's favor. See *Ticer*, 20 F.4th at 1045 (quoting *Smallwood*, 385 F.3d at 573-74) ("[A] summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recover against the in-state defendant.'"); *Gasch*, 491 F.3d at 281 (court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff.").   The DePuy Defendants have not demonstrated why it is appropriate to pierce the pleadings in this case.   *See Smallwood*, 385 F.3d at 573 (piercing the pleadings to conduct a "summary inquiry" is appropriate in only a small number of cases).   The Court, in its discretion, declines to pierce the pleadings and conduct a summary inquiry on this disputed point, resolving it instead in Plaintiff's favor.  *See Smallwood*, 385 F.3d at 573.

The Court has viewed all factual allegations in the light most favorable to Plaintiff and resolved any disputed fact issues and ambiguities of state law in Plaintiff's favor.  *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).  The Court cannot find that there is no reasonable basis to predict Plaintiff might be able to recover against in-state J&J Defendants.  *See Smallwood*, 385 F.3d at 573; *accord Ticer*, 20 F.4th at 1046.  The Court finds that Plaintiff's state court petition alleges sufficient facts to

plausibly state a claim for relief under New Jersey's products liability laws against the properly joined in-state J&J Defendants. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 200. Accordingly, the DePuy Defendants did not meet their heavy burden to demonstrate that the J&J Defendants were fraudulently joined. Because the J&J Defendants are "properly served and joined" forum defendants, the removal was procedurally defective under § 1441(b)(2) and the Court must remand this case to state court.

### C.    Conclusion

The Court declines the DePuy Defendants' invitation to extend the fraudulent joinder doctrine to this case where the forum defendants, J&J, had been "properly served and joined" at the time of removal and are diverse to Plaintiff. The Court concludes the DePuy Defendants improperly removed this case to federal court under § 1441(b)(2) and remand is required as Plaintiff raised this procedural defect in the Motion for Remand. Even if the Court had considered the fraudulent joinder doctrine as argued by the DePuy Defendants, remand would nevertheless be dictated because the J&J Defendants were properly joined forum defendants when the case was removed. For these reasons, the Court **vacates** its prior Order denying remand (Doc. No. 10) and **grants** Plaintiff's Motion for Remand (Doc. No. 5).

ORDER – PAGE 18

## IV.    Conclusion

For the foregoing reasons, the Court **grants in part** Plaintiff's Amended Motion only as to reconsidering the order denying Plaintiff's Motion to Remand. Having reconsidered the prior order denying remand, the Court concludes removal was improper pursuant to the forum defendant rule, 28 U.S.C. § 1441(b)(2), regardless of whether the fraudulent joinder doctrine extends under these facts to the forum defendant rule. Therefore, the Court **vacates** its Order (Doc. No. 10) denying the Motion to Remand and hereby **grants** Plaintiff's Motion to Remand (Doc. No. 5). Accordingly, the Court **remands** this case to the Superior Court of New Jersey, Middlesex County (Case No. MID-L-006828-21).

**SO ORDERED.**

Signed December 20th, 2022.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 19